UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, # 186788, *aka Charles Willis Lamb*, | ) C/A No. 8:08-3685-CMC-BHH |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Department of Corrections, | ) |
| Defendant. | ) |

## *Background of this Case*

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). He is serving an eight-year sentence for indecent exposure. His conviction was entered in the Court of General Sessions for Richland County. The plaintiff has brought suit, pursuant to 42 U.S.C. § 1983,[1] against the "Department of Corrections" for damages of "Three (300) hundred Trillion Thousand Dollars" because the SCDC has failed to provide him "Tylenol Three (3) pain Medication"[2] and inflammatory pain medication. The plaintiff also alleges that the SCDC has failed to

---

[1] Both the original complaint (Entry No. 1-2) and the amended complaint (Entry No. 1-1) were received prior to docketing.

[2] Tylenol # 3 is a narcotic pain medication (containing codeine) for acute pain. *Maddox v. Lewis*, 2008 U.S. Dist. LEXIS 80344, 2008 WL 4539491 (E.D. Cal., Oct. 10, 2008). The National Institute of Health lists it as Tylenol® with Codeine No. 3. *See* www.nlm.nih.gov/medlineplus/druginfo.

1

provide him a cast for his broken right hand, even though the SCDC knows that it is broken in six (6) places.

## *Discussion*

Under established local procedure in this judicial district, a careful review[3] has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[4] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  See *Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court

---

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[4]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

The above-captioned case is the third medical care case filed by the plaintiff in 2008. In *Charles Willis Lamb v. John Does, Medical Center Staff at Lieber Correctional Institution*, Civil Action No. 8:08-2805-CMC-BHH, the undersigned authorized service of process in an order filed on August 20, 2008, but, in a contemporaneously-filed Report and

3

Recommendation, recommended that the South Carolina Department of Corrections be summarily dismissed because of Eleventh Amendment immunity. On September 29, 2008, the Honorable Cameron McGowan Currie, United States District Judge, adopted the Report and Recommendation to dismiss the South Carolina Department of Corrections. The remaining defendants in Civil Action No. 8:08-2805-CMC-BHH filed the answer on September 30, 2008.

In *Charles Lamb v. Kirkland Correctional Institution Medical Staff*, Civil Action No. 8:08-3558-CMC-BHH, the undersigned on November 3, 2008, recommended summary dismissal of the complaint because the plaintiff failed to allege sufficient facts to construe the defendant group as an identifiable defendant.

This court may take judicial notice of Civil Action No. 8:08-2805-CMC-BHH and Civil Action No. 8:08-3558-CMC-BHH. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The South Carolina Department of Corrections has Eleventh Amendment immunity. Hence, the above-captioned case is subject to summary dismissal for the same reasons that the complaint in Civil Action No. 8:08-2805-CMC-BHH was subject to partial summary

4

dismissal.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  **The plaintiff's attention is directed to the Notice on the next page.**

November 10, 2008                          s/Bruce Howe Hendricks
Greenville, South Carolina                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).